### THE SUDBURY.

(District Court, D. Oregon. May 24, 1926.)

No. 9748.

Shipping ☞82—Vessel owner not liable for accidental injury of mere licensee on board to inspect merchandise for consignee.

One going on board a vessel to inspect just arrived merchandise for the consignee, without invitation of the vessel owner or his agent, is a mere licensee, and takes things as he finds them and the owner owes him no duty to have conditions the best for safety of visitors, or other duty than to avoid his willful or wanton injury.

In Admiralty. Suit by W. B. Miller against the steamship Sudbury; the American Ship & Commerce Navigation Corporation, claimant. Libel dismissed.

J. O. Davies and Chas. A. Wallace, both of Seattle, Wash., for libelant.

Erskine Wood, of Portland, Ore., for claimant.

BEAN, District Judge. This is a libel in rem to recover damages for a personal injury to an employe of W. P. Fuller & Co. The Sudbury is a steamer bringing freight into this port. In November, 1924, it was docked at one of the municipal docks, and libelant went aboard the boat and received the injury of which he complains. He alleges in his libel that it was his duty to look after the shipments of glass consigned to the Fuller Company, to inspect the same before being discharged from the ship, and as discharged; that at the request of the agent of the vessel, and by and with the knowledge of the master, he went aboard for that purpose, and while at a point just forward of No. 4 hatch he stepped into an unguarded opening in the steam pipe

guard and suffered the injury from which he complains.

The averment that the libelant was requested to go aboard the boat by its agent, and that he went by the knowledge and consent of the master, is not supported by the testimony. The most that can be claimed from the evidence is that he went aboard the boat with the knowledge and without objection from the agent. His purpose was to examine the stowage of glass in the boat and its discharge, so as to formulate a claim against the vessel or the stevedoring company in the case of damage through the negligence of either of them. He was therefore at most a mere licensee; he was not on board at the invitation or request of its agents or representatives, for the purpose of transacting business with them, and there is a distinction to be found between the rights of a trespasser, or a mere licensee, and one who enters upon the premises at the invitation of another. The former takes the premises as he finds them, but the latter is entitled to the observance of due care on the part of the owner for his safety and protection against accidents. Lange v. St. Johns Lbr., 115 Or. 337, 237 P. 696.

These rules are illustrated by two cases of the Supreme Court of the United States, one Leathers v. Blessing, 105 U. S. 626, 26 L. Ed. 1192, and the other Zinc Co. v. Britt, 258 U. S. 268, 42 S. Ct. 299, 66 L. Ed. 615, 36 A. L. R. 28. In the former, the libelant was on the vessel by invitation of those in charge thereof, for the purpose of transacting business with the master. He was injured by the falling of freight that had been improperly stowed, and the court held that he was entitled to recover for the reason that he was on the boat by invitation for the purpose of transacting business with its officers, and that it owed him the duty of exercising ordinary care to see that he was not injured. In the Zinc Company Case two children, aged 8 and 11 respectively, were caused to go on the premises of the zinc company by a pool, or rather it was attractive to them. The water of this pool had been affected by a discharge from the zinc company's manufacture, and was poisoned; the children went into the water, were poisoned, and died, and the court held they were not entitled to recover, because they were not on the premises by invitation of the owner, but were mere trespassers.

Now the libelant, being a mere licensee going on this boat in his own interest or that of his employer, the owner of the boat owed him no duty as to its condition, save that it should not knowingly let him run upon a hid-

den peril, or wantonly, recklessly, or willfully cause him harm. A licensee enters upon the premises of another at his own risk, and he takes the premises as he finds them, and the owner owes no duty to a mere naked licensee to keep the premises in a certain condition for the benefit of such licensee. The libelant was on this boat by mere sufferance or acquiescence of the agent of the owner, and for his own convenience and the interest of his employer, and not transacting any business in which the boat had an interest. If, therefore, the steam pipe coverings or guards were not of the latest or most approved pattern, such as are ordinarily or generally used on vessels, the libelant would not be entitled to recover. The vessel did not owe him the duty of providing the latest pipe guards. It had a right, so far as he was concerned, to use such guards as best suited it, or as it saw fit to do. He was on the vessel for the purpose of ascertaining facts, if he could, that would form the basis of a claim against the boat or the stevedoring company, for the manner in which they were handling this freight, and therefore, under these circumstances, it is clear to my mind that the libelant has no cause of action against the boat, and the libel will be dismissed.